### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS AUSTIN HOYLE | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-899 |
| | : | |
| JAMES S. WRIGHT, *et al.* | : | |
| **Defendants.** | : | |

### MEMORANDUM OPINION

RUFE, J.                                                                                    April 4, 2023

Plaintiff Nicholas Austin Hoyle, a prisoner currently incarcerated at the George W. Hill Correctional Facility ("GWHCF"), brings this civil action based on events that occurred in his pending criminal case in Delaware County. Hoyle seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Hoyle leave to proceed *in forma pauperis*, and dismiss his Complaint.

## I.   FACTUAL ALLEGATIONS[1]

Hoyle is awaiting trial on murder and related charges filed against him in the Delaware County Court of Common Pleas.[2] His Complaint is based on events that occurred in the course of his prosecution.[3] Hoyle alleges that he was represented at his preliminary hearing by James Wright of the Public Defender's Office and that the Commonwealth was represented by Kathleen Marie Magee of the District Attorney's Office.[4] According to Hoyle, the transcript of the preliminary hearing reflects that Wright and Magee "conspired into a collusive action prior to

---

[1] The factual allegations set forth in this Memorandum are taken from Hoyle's Complaint [Doc. No. 2] and publicly available dockets.

[2] *See Commonwealth v. Hoyle*, CP-23-CR-5081-2021 (C.P. Del.).

[3] This is the second civil action Hoyle has filed based on events that occurred in connection with his prosecution. *See Hoyle v. Crozier*, Civ. A. No. 22-3049 (E.D. Pa.).

[4] Compl. [Doc. No. 2] at 4. The Court adopts the pagination supplied by the CM/ECF docketing system.

the hearing" because Wright stated, "Katie you said Judge Pileggi signed a pledge?"[5] Hoyle

interprets this statement as:

> Pledge meaning a deposit of personal property as security for a debt. In other
> words, Nicholas Austin Hoyle the accused is the personal property of Mr. Wright
> and to whom Judge Pileggi is the creditor of the debt to be paid on behalf of the
> commonwealth of Pennsylvania.[6]

The next month, Hoyle was arraigned and the charges were held over for trial.[7] Hoyle

alleges that Wright visited him at GWHCF to discuss discovery he received, but that Wright also

"prevented [Hoyle] from knowing about [his] rights as a United States citizen" and also

prevented him from knowing about or litigating available defenses.[8] Hoyle further alleges that

Wright and Magee "kept continuing court dates without [his] permission" in violation of his

speedy trial rights.[9] He also contends that Wright attempted to coerce him into pursuing a

"mental health defense" and to sign waivers to disclose his mental health information, and that

Wright conditioned his effective representation on the receipt of sexual favors.[10] The "verbal

sexual harassment" allegedly continued "for months," apparently until Hoyle received a new

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

attorney.[11] Hoyle notes that he filed a *pro se* suppression motion that Wright refused to argue in support thereof, and that a suppression hearing was recently held with his new attorney.[12]

Based on those allegations, Hoyle brings claims against Wright, the Delaware County Public Defender's Office, Magee, and the Delaware County District Attorney's Office.[13] He seeks $1,777,555 in damages to compensate him for "psychological trauma" he suffered as a result of the above events.[14]

## II.   STANDARD OF REVIEW

The Court will grant Hoyle leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[15] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, the Complaint fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[16] "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro*

---

[11] *Id.* at 4-5.

[12] *Id.*

[13] *Id.* at 1-2. Wright and Magee are sued in both their individual and official capacities. *Id.* at 2. Official capacity claims against a defendant are indistinguishable from claims against the entity that employs the defendant. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dept. of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). Accordingly, Hoyle's official capacity claims against Wright and Magee are essentially duplicative of his claims against their employers, whom Hoyle also sued, and will be addressed coextensively with those claims.

[14] Compl. [Doc. No. 2] at 6.

[15] However, since Hoyle is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

se] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'"[17] Conclusory allegations do not suffice.[18] Additionally, the Court may dismiss claims based on an affirmative defense that is obvious from the face of the complaint.[19] As Hoyle is proceeding *pro se*, the Court construes his allegations liberally.[20]

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."[21] A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.[22]

## III.   DISCUSSION

### A.  Civil Rights Claims

The Court understands Hoyle to be raising constitutional claims under 42 U.S.C. § 1983 pursuant to the Court's federal question jurisdiction.[23] Section 1983 is the vehicle by which federal constitutional claims may be brought against state actors in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a

---

[17] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[18] *Iqbal*, 556 U.S. at 678.

[19] *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

[20] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[21] Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

[22] *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

[23] *See* Compl. [Doc. No. 2] at 2.

person acting under color of state law."[24] For the following reasons, Hoyle's § 1983 claims are not plausible.[25]

### 1. Claims Against Wright and Delaware County Public Defender's Office

Hoyle's claims against Wright and the Delaware County Public Defender's Office derive from Wright's allegedly ineffective representation of Hoyle in his criminal case. However, public defenders are not state actors "when performing a lawyer's traditional functions as counsel[,]"[26] and their employing entities, *i.e.*, public defender's offices, have been treated similarly in this context.[27] Although a non-state actor may act under color of state law for purposes of § 1983 if, for example, he acted in concert with state officials,[28] Hoyle's allegations of collusion and conspiracy do not provide a plausible basis for treating Wright or the Delaware County Public Defender's Office as a state actor. Accordingly, Hoyle's § 1983 claims against these Defendants are not plausible.[29]

---

[24] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

[25] As explained below, the Court will dismiss all federal claims over which it has original jurisdiction. Thus, to the extent that Hoyle's federal claims could be construed as state tort claims (Hoyle's Complaint uses broad legal terms such as "malpractice," "sexual harassment," and "fraud"), the Court will dismiss any state law claims for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 196 (3d Cir. 1976) (citation omitted).

[26] *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).

[27] *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (*per curiam*) ("As explained by the District Court, Dorn did not state a claim for relief against his public defender and the public defender's office because neither is a state actor for purposes of § 1983."); *see also Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91, 95 (3d Cir. 2016) (*per curiam*) (citing *Polk Cty.*) ("We also conclude that the District Court properly granted summary judgment to the defendants on Gannaway's claims against the Berks County Public Defender's Office and the appointed lawyers who represented him in criminal proceedings").

[28] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009).

[29] "[T]o properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred," *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010), and "a bare assertion of conspiracy will not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Hoyle's interpretation of the transcript from the preliminary hearing is nonsensical and his dissatisfaction with the course of his criminal proceeding also does not establish collusion among Wright and any state actors. *See e.g.*, *Pittman v. Martin*, 569 F. App'x 89, 91-92 (3d Cir. 2014) (*per curiam*) (explaining that "conclusory allegations of conspiracy" were insufficient to justify treating public defenders as state actors); *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009) (*per curiam*) (quoting *Crabtree v. Muchmore*, 904 F.2d 1475, 1480-81 (10th Cir. 1990)) ("'A conspiracy cannot be found from allegations of

### 2.     Claims Against Magee

Hoyle's claims against Magee are based on Magee's conduct while prosecuting the

criminal case against Hoyle in Delaware County. Prosecutors are entitled to absolute immunity

from damages under § 1983 for acts that are "intimately associated with the judicial phase of the

criminal process" such as "initiating a prosecution and . . . presenting the State's case."[30]

"[W]hether a prosecutor is entitled to absolute immunity depends on whether she establishes that

she was functioning as the state's 'advocate' while engaging in the alleged conduct that gives

rise to the constitutional violation."[31] Since it is apparent that Hoyle's claims against Magee are

based on her conduct while acting as the Commonwealth's advocate in his criminal case, these

claims are clearly barred by absolute prosecutorial immunity.[32]

### 3.     Claims Against the Delaware District Attorney's Office

Hoyle has also failed to state a § 1983 claim against the Delaware County District

Attorney's Office. First, it is not clear that this Defendant is an entity subject to suit under §

1983.[33] In any event, even assuming that the Delaware County District Attorney's Office is

---

judicial error, ex parte communications (the manner of occurrence and substance of which are not alleged) or
adverse rulings absent specific facts demonstrating an agreement to commit the alleged improper actions.'").

[30] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).

[31] *Yarris v. Cty. of Delaware*, 465 F.3d 129, 136 (3d Cir. 2006).

[32] *See Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (prosecutors were entitled to immunity from claims
based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from
defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury
before and during trial").

[33] *See Reitz v. Cty. of Bucks*, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's
Office is not an entity for purposes of § 1983 liability."); *see also Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir.
2007) (*per curiam*) ("[T]he Monmouth County Prosecutor's Office is not a separate entity that can be sued under §
1983."); *Harper v. City of Philadelphia*, No. 18-365, 2018 WL 5784549, at *2 (E.D. Pa. Nov. 2, 2018) ("District
courts within the Third Circuit disagree about whether the DAO is a separate entity from the City of Philadelphia
such that it can be sued separately under § 1983."). *But see Quintana v. City of Philadelphia*, Civ. A. No. 17-996,
2017 WL 3116265, at *4 (E.D. Pa. July 21, 2017) ("Quintana may sue the District Attorney's Office in addition to
the City."); *Sourovelis v. City of Philadelphia*, 103 F. Supp. 3d 694, 711-12 (E.D. Pa. 2015) ("[T]he Court concludes
that neither § 16257 nor *Reitz* bars suit against the D.A.'s Office under the circumstances of this case.").

subject to liability, Hoyle has not alleged a plausible basis for municipal liability because nothing in the Complaint suggests that the alleged violations of Hoyle's rights stemmed from a municipal policy or custom.[34] Accordingly, the Court will dismiss Hoyle's claims against the Delaware County District Attorney's Office as implausible.

### B.  State Claims

To the extent that Hoyle is raising state tort claims against Defendants, he has not pled an independent basis for the Court's jurisdiction over these claims.[35] The Court will therefore dismiss any state law claims for lack of subject matter jurisdiction, without prejudice to Hoyle pursuing those claims in state court.[36]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Hoyle leave to proceed *in forma pauperis* and dismiss his Complaint. Hoyle's federal claims will be dismissed with prejudice and his state law claims will be dismissed for lack of subject matter jurisdiction without prejudice to Hoyle pursuing those claims in state court if he chooses to do so. Hoyle will not be given leave to

---

[34] *See Monell*, 436 U.S. at 694 (to state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation); *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009) (explaining that the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard); *see also Connick v. Thompson*, 563 U.S. 51, 66 (2011) (in the context of a claim based on *Brady* violations at the district attorney's office, concluding that "recurring constitutional violations are not the 'obvious consequence' of failing to provide prosecutors with formal in-house training about how to obey the law"); *Barosh v. Ramirez*, No. 19-322, 2020 WL 416844, at *6 (M.D. Pa. Jan. 27, 2020) ("[E]ven assuming that Plaintiff can proceed against the DAO, he has failed to set forth a municipal liability claim against that entity.").

[35] Because the Court has dismissed Hoyle's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims. District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Since Hoyle has not alleged the parties' citizenship, the Court cannot exercise diversity jurisdiction.

[36] The Court expresses no opinion on the merits of any such claims.

amend in this case because the Court concludes that amendment would be futile. An Order

follows, which dismisses this case.